Casulli v. Falcone                         CV-02-123-M    03/19/02
                         UNITED STATES DISTRICT COURT

                           DISTRICT OF NEW HAMPSHIRE


Vincenzo Casulli,
      Petitioner

      v.                                    Civil No. 02-123-M
                                            Opinion No. 2002 DNH 069
Elena Falcone,
      Respondent


                              **O R D E R**


      A preliminary hearing was held on March 18, 2002, regarding

temporary custody of the minor, Rodolfo Casulli.  Respondent,

Elena Falcone, appeared pro se; the minor was brought before the

court pursuant to the court's earlier order directing the United

States Marshal to locate and take custody of him; and Petitioner

appeared both in person and through counsel.


      Having heard from the minor (ex parte and in camera), from

counsel for Petitioner, and from Respondent, the court

determined, under the provisions of 42 U.S.C. § 11604(b), that

removal of the child from Respondent's physical control pending

resolution of the petition was not necessary, and likely would

not be consistent, under the circumstances, with the requirements of state law.

First, the court is satisfied that the minor is well and safe in Respondent's custody. Second, adequate measures are available to meaningfully deter Respondent from removing the minor from this jurisdiction. Respondent was ordered to, and has surrendered both her and the minor's passports. The minor (who is nearly fourteen years old) has assured the court that he will not abscond and will actively resist any effort by Respondent to remove him from this court's jurisdiction. Additionally, Respondent has given her own assurance that she will not remove the minor, and she has been directly ordered not to remove him, on pain of contempt of court penalties. And, while it would appear that the minor was wrongfully removed from Italy, within the meaning of the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, the temporary award of custody pendente lite should not, under New Hampshire law, be used as a tool to discipline a recalcitrant parent – even violation of a decree is not

necessarily controlling on the question of custody.  See Houde v. Beckmayer, 133 N.H. 665 (1990).

Finally, while not dispositive, it appears that an outstanding state court order may operate to restrict Petitioner's access to the minor in New Hampshire.  That order may well be reconsidered by the state courts, given that it was apparently obtained on an ex parte basis, without any notice to Petitioner (who is an Italian citizen and was, at all pertinent times, resident in Italy), and, apparently, the state courts were not informed of the outstanding custody, visitation, and support orders issued by a court of competent jurisdiction in Italy. See, e.g., N.H. Rev. Stat. Ann. ch. 458-A:22 (extending full faith and credit to foreign custody decrees).  In any event, while it is in effect, that order casts some doubt upon whether a change in physical control of the minor at this point would be consistent with "the applicable requirements of State law."  42 U.S.C. § 11604(b).

The court also determined that counsel should be appointed to represent what may be distinct interests of the minor.

Rodolfo Casulli is a few weeks short of his fourteenth birthday at this point, appears to be appropriately mature for his age, and is articulate and capable of understanding the nature of the issues raised in this litigation, as well as the consequences of alternative possible outcomes. He appeared to be capable of rational thought and of expressing reasonable preferences with regard to his own future.

Respondent advised the court that she is, or will be, represented in this matter by R. Christopher Green, Esq., 1 International Place, Boston, Massachusetts. The court directed Petitioner's counsel, Attorney Sedgwick, to confer with Attorney Green and Deputy Clerk Mulvee to schedule a hearing on the merits of the petition at a time convenient to the parties, preferably within six weeks, and as the court's docket allows. Barring agreement, the court will schedule the matter as the docket permits.

## Conclusion

Counsel shall be appointed by the court to represent the legal interests of the minor, Rodolfo Casulli, relative to the

4

relief sought in the petition (in essence, the minor's interests are analogous to those arising in habeas corpus proceedings). Attorney Sedgwick and Attorney Green shall confer and advise Deputy Clerk Mulvee of acceptable dates for a hearing on the merits of the petition. Respondent's passport and the minor's passport shall be held by the Clerk of Court pending resolution of the petition. Respondent shall insure the minor's presence at all scheduled hearings related to this matter, and shall not remove him from the jurisdiction of this court while this case is pending, upon pain of contempt of court sanctions.

    **SO ORDERED.**

                            _____
                            Steven J. McAuliffe
                            United States District Judge

March 19, 2002

cc:  Darla S. Sedgwick, Esq.
     R. Christopher Green, Esq.
     Elena Falcone